UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
FRANCES J. PIERRE,                              :

                Plaintiff,                   :           05 CV 1297 (GBD)
                                                                         **AMENDED COMPLAINT**
                                                                            **AND JURY DEMAND**

              -against-                       :

J.P. MORGAN CHASE BANK , N.A.     :
              Defendants.

                                                        :
-------------------------------------------------------------x

       **COMES NOW**, the Plaintiff Frances Pierre (hereinafter "Pierre"or "Plaintiff"), by and through her undersigned attorneys, The Law Offices of Neal Brickman, and as and for her Complaint against the Defendant J.P. Morgan Chase, N.A. (hereinafter "JPMC" or "Defendant") states and alleges as follows:

### Preliminary Statement

       1. The Plaintiff in the instant action seeks reinstatement and expungement of her U-5 as well as compensatory and punitive damages, costs and attorneys' fees, against JPMC for U-5 defamation and for its unlawful discriminatory termination of her in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. section 2000, *et seq.* as amended, as well as applicable New York State statute.

       2. The Plaintiff, a black woman, alleges that she was discriminated against in violation of the Federal and State anti-discrimination laws when JPMC terminated her. The Plaintiff further alleges that she was damaged by the inclusion of a knowingly false and malicious statement on her U-5 form by JPMC.

### Parties

       3. The Plaintiff is a black woman. She is, and was at all times relevant hereto, a Citizen of the United States, residing at 74-15 255th Street, 2nd floor, Glen Oaks, New York, 11004.

       4. Upon information and belief, JPMC is a corporation organized under and existing pursuant to the laws of the State of New York with its principal place of business located at 270 Park Avenue, New York, New York, 10007.

### Jurisdiction and Venue

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 in that this matter presents the Court with a "federal question" as a claim herein arises under 42 U.S.C. § 2000(e), as amended, including, but not limited to, the Civil Rights Act of 1991 and 42 U.S.C. § 1988. The Court has jurisdiction over the defamation claims and the state law discrimination claim under the doctrine of pendant jurisdiction.

6. Venue is properly laid in this District based on the Defendant's residence.

### Procedure Background

7. On or about May of 2004, the Plaintiff filed a charge with the EEOC alleging that she was discriminated against on the basis of race. On or about December 13, 2004, Plaintiff received a Notice of Right to Sue from the Equal Employment Opportunity Commission ("EEOC") related to a charging affidavit claiming discrimination that she had previously filed with the EEOC. This action is filed within ninety (90) days of plaintiff's receipt of said Notice of Right to Sue from the EEOC. (A copy of the right to sue letter is attached hereto and made a part hereof as Exhibit "A")

### Factual Background

8. The Plaintiff began working for Chemical Bank in 1986 in customer relations as a call center quality assurance job coach. The Plaintiff was very effective in this capacity, exhibiting professionalism and dedication to her work.

9. Because of the Plaintiff's hard work, professionalism and dedication, she was retained by Chemical Bank when it merged with Manufactuer's Hanover in 1991.

10. Shortly after the merger, in 1992, the Plaintiff was promoted to Service Manager. After performing this position successfully for over a year, the Plaintiff was again promoted in 1993 to Select Banking Manager. She continued to perform successfully in this position until 1994, when she was again promoted to Sales Manager. She retained her position as Sales Manager through 1996.

11. During 1996, Chemical Bank merged with Chase Bank. Because of the Plaintiff's hard work and professionalism, she was not only retained, but also promoted. In 1997, the Plaintiff became the Team Leader for Chase Bank.

12. In 1999, the Plaintiff was again promoted to Assistant Mega Branch Manager.

13. When in 2000, Chase merged with JPMC, the Plaintiff was again retained and promoted to the position of Branch Manager of the East Hills branch of JPMC.

14. As a Branch Manager, the Plaintiff was responsible for developing relationships with the branch's clients and fostering client retention. This included finding creative and innovative solutions to client problems. Thus, from time to time, the Plaintiff would adjust the manner in which an account was handled, in order to better meet the client's needs. The Plaintiff was authorized to make these types of adjustments and they were considered part of the Plaintiff's job responsibilities.

15. In late 2002, one of the Bank's small business clients (the "client") threatened to stop using the bank. This client, who owned a dollar store, had a large number of small bill deposits and was being charged disproportionately high fees in connection with its deposits. In order to reduce the fees that were charged to the client, the Plaintiff authorized the client to make its deposits via credit memo. This method of deposit was intended solely to reduce the fees associated with the client's account. The Plaintiff did not intend this method to circumvent federal reporting requirements pertaining to large cash transactions nor did the Plaintiff ever authorize any teller not to comply with federal reporting requirements.

16. Shortly thereafter, in February of 2003, the Plaintiff was promoted to Multisite Small Business Relationship Manager for the East Hills and the Greenvale branches of the bank. As a result, the Plaintiff no longer had direct oversight of the day to day activities in the East Hills branch.

17. While working as the Branch Manager of the East Hills branch, the Plaintiff had never authorized the tellers in this branch to circumvent the federal reporting requirements when accepting the clients deposits via credit memo. Nevertheless several of the tellers failed to comply with federal reporting requirements when accepting the client's deposits. Since the Plaintiff was no longer overseeing the activities of the East Hills office on a day to day basis, she did not have the opportunity to observe or "to catch" these oversights.

18. Although it was the responsibility of the branch manager to catch these oversights, the branch manager who replaced the Plaintiff failed, in each instance, "to catch" the mistake.

19. It was not until November of 2003, almost nine months after the Plaintiff had ceased to be the branch manager for the East Hills office, that these oversights came to light when a teller discovered them.

20. In December of 2003, JPMC began an investigation in connection with the teller's failure to report the client's large cash deposits. Although it had been nine months since the Plaintiff had been the branch manager and most of the failures to report had occurred under the supervision of another branch manager, the investigation targeted the Plaintiff and ultimately resulted in her termination on January 21, 2004. The Plaintiff was not given any warning prior to her termination.

21. The individual who had been acting as branch manager at the time that the failure to report were discovered and, at the time that the majority of them occurred, was not investigated or disciplined. This individual is a white female.

22. Moreover, there were other white branch managers who had made errors that were similar or more egregious to the error allegedly made by the Plaintiff who were not terminated.

23. All of the individuals who were involved in the decision to terminate the Plaintiff were white males.

24. On February 3, 2004, after the Plaintiff's termination JPMC filed a U-5 for the Plaintiff, which indicated that the Plaintiff had "neglected to complete a cash transaction report for a large deposit into a bank account."

25. This information was entirely false. The Plaintiff never authorized any tellers to circumvent any reporting requirements in connection with these deposits. Moreover, since the Plaintiff ceased to be the branch manager of the East Hills as of February 2003, it was the responsibility of the successor branch manager to ensure that cash transaction reports were completed for deposits made after this time. Although most of the deposits at issue were made after February of 2003, the Plaintiff's successor, a white female, was not terminated in connection with the failure to complete cash transaction reports in connection with these deposits.

26. The Plaintiff was damaged by the inclusion of this false and defamatory statement on her U-5. Although it has been over a year since the Plaintiff was terminated, the inclusion of this false statement on her U-5 has made it impossible for her to find another job in the financial services industry.

### As and for a First Cause of Action
### (Defamation)

27. The Plaintiff incorporates by reference paragraphs 1 through 26 of the complaint as if such paragraphs were fully restated herein.

28. JPMC knowingly and with malice included false information concerning the Plaintiff and her ability to perform her profession on the Plaintiff's U-5.

29. This false information included an allegation that the Plaintiff "neglected to complete a cash transaction report for a large deposit." This allegation disparaged Plaintiff's ability to perform her profession and directly impacted her ability to find employment and support herself.

30. Defendant committed this action with the specific knowledge that such statements would greatly hinder, if not prevent, Plaintiff from gaining further employment in the industry.

31. Defendant made such statements with the specific knowledge of their falsity and in intentional furtherance of their scheme to discredit and discriminate against Plaintiff.

32. As a direct result of this defamatory conduct constituting slander per se, Plaintiff has

suffered injury and harm, including financial hardship and loss of reputation in the field.

**WHEREFORE**, the Plaintiff demands judgment against defendant JPMC directing JPMC to reinstate the Plaintiff to her former position as Small Business Relationship Manager; directing JPMC to expunge the defamatory statement from the Plaintiff's U-5; and for compensatory damages in an amount to be determined at trial, but not less than $ 1,000,000.00 and for punitive damages in an amount to be determined at trial, but not less than $ 300,000.00 together with interest, the costs and disbursements of this action, including reasonable attorneys' fees, and such other and further relief as this Court deems just and proper.

### As and for a Second Cause of Action
### (Gender and Race Discrimination in Violation of the Civil Rights Act of 1964)

33. The Plaintiff incorporates by reference paragraphs 1 through 32 of the complaint as if such paragraphs were fully restated herein.

34. Title VII of the Civil Rights Act of 1964 prohibits discrimination on the basis of gender or race.

35. The Plaintiff was terminated for a mistake for which she was not responsible.

36. The Plaintiff is a black female.

37. The individual who actually was responsible for this mistake was not terminated. This individual is a white female.

38. Other white employees of JPMC have committed mistakes that were similar or more egregious than the mistake that was allegedly committed by the Plaintiff. These individuals were not terminated.

39. The aforementioned conduct constitutes illegal discrimination in violation of the Civil Rights Act of 1964.

40. As a direct result of this discrimination, the Plaintiff has suffered damages including loss of past and future earnings, other employment benefits, emotional injuries and damages to her professional reputation.

**WHEREFORE**, the Plaintiff demands judgment against defendant JPMC directing JPMC to reinstate the Plaintiff to her former position as Small Business Relationship Manager; directing JPMC to expunge the defamatory statement from the Plaintiff's U-5; and for compensatory damages in an amount to be determined at trial, but not less than $ 1,000,000.00 and for punitive damages in an amount to be determined at trial, but not less than $ 3,000,000.00 together with interest, the costs and disbursements of this action, including reasonable attorneys' fees, and such other and further relief as this Court deems just and proper.

## As and for a Third Cause of Action
### (Gender and Race Discrimination in Violation of the Executive Law § 296)

41. Paragraphs 1 through 40 of the complaint are incorporated herein with the same force and effect as if pleaded separately.

42. By reason of the acts of discrimination detailed herein, defendant has violated New York Executive Law § 296(1)(a), and has caused plaintiff to suffer damages, including loss of past and future earnings, emotional injuries, and damage to her professional reputation.

**WHEREFORE**, the Plaintiff demands judgment against defendant JPMC directing JPMC to reinstate the Plaintiff to her former position as Small Business Relationship Manager; directing JPMC to expunge the defamatory statement from the Plaintiff's U-5; and for compensatory damages in an amount to be determined at trial, but not less than $ 1,000,000.00 together with interest, the costs and disbursements of this action, and such other and further relief as this Court deems just and proper.

### Jury Trial Demanded

43. Pursuant to Fed. R. Civ. P. 38(b), plaintiff demands a jury trial on each and every issue in this action.

Dated: New York, New York
July 14, 2005

_____
Nicole van Gendt (NV 0323)
*Attorneys for the Plaintiff*
Frances Pierre
The Law Offices of Neal Brickman
317 Madision-21st Floor
New York, N.Y. 10017
(212) 986-6840

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x
FRANCES J. PIERRE,

      Plaintiff,  : Case No. 05 CV 1297 (GBD)

  - against -      : **AFFIDAVIT OF SERVICE**

J.P. MORGAN CHASE BANK, N.A. :

      Defendants.

- - - - - - - - - - - - - - - - - x

STATE OF NEW YORK }
         } ss.:
COUNTY OF NEW YORK }

  IDRIS MAHMOUD, being duly sworn, deposes and says that he is over the age of 18 years; is not a party to this action and resides within the State of New York; and that on July 21, 2005, he served the within AMENDED COMPLAINT AND JURY DEMAND upon the attorney for defendants, by placing a true copy of the same in a postpaid wrapper in an official United States Post Office receptacle, duly addressed as follows:

      Tara A. Griffin, Esq.
      The Chase Manhattan Bank
       Legal Department
      One Chase Manhattan Plaza-26th FL
      New York, New York 10081

           _____
           IDRIS MAHMOUD
           LIC #1151131

Sworn to before me this
21st day of July, 2005

_____
NOTARY PUBLIC

ETHAN Y. LEONARD
Notary Public, State of New York
No. 02LE5085475
Qualified in New York County
Commission Expires September 22, 200_